

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-031-CV

PAUL THAILING                                                     APPELLANT

V.

SONNY MATTHEWS,                                                    APPELLEE
AS NEXT FRIEND TO
CHARLES MATTHEWS

------------

### FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In one issue, Appellant Paul Thailing asserts that the trial court erred by

entering judgment against him without giving him credit for the amount paid in

---

[1] *See* Tex. R. App. P. 47.4.

settlement to Matthews by Mansfield Independent School District, an original co-defendant.

## II. Factual and Procedural History

In April 2003, an accident involving an automobile and a pedestrian occurred on Mansfield ISD property, resulting in Sonny Matthews suing Paul Thailing and Mansfield ISD. Prior to trial, Matthews settled with Mansfield ISD for $2,000, memorialized by a signed rule 11 agreement filed with the trial court.

On June 25, 2007, Thailing filed an "Election of Credit" with the trial court requesting credit for the amount of the settlement between Mansfield ISD and Matthews. Specifically, the election of credit read, "COMES NOW Paul Thailing, Defendant, and pursuant to Texas Civil Practice and Remedies Code § 33.012(b)(1) and 33.014, elects a credit for the sum of the dollar amounts of all settlements." No objection was made to this filing. A jury subsequently returned a verdict in favor of Matthews for $5,000.

Matthews subsequently filed a motion to enter judgment, and Thailing filed an objection seeking a credit for the settlement between Matthews and Mansfield ISD. The trial court denied Thailing's request and entered judgment in favor of Matthews for $5,000. Thailing filed a motion for new trial, seeking

2

to have the judgment reflect the $2,000 offset. The motion was denied by operation of law, and this appeal followed.

## III. Settlement Credit

In his single issue, Thailing complains that the trial court failed to credit the judgment against him with the settlement amount that Matthews had received from Mansfield ISD. Matthews responds that Thailing did not properly elect a settlement credit because he cited incorrect statutory references and did not submit his percentage of responsibility to the jury.

Section 33.012 of the civil practice and remedies code, entitled "Amount of Recovery," reads in pertinent part as follows: If the claimant has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by the sum of the dollar amounts of all settlements." Tex. Civ. Prac. & Rem. Code Ann. § 33.012(b) (Vernon 2008).

Thailing clearly requested in his election of credit "credit for the sum of the dollar amounts of all settlements," which in this case is the $2,000 settlement with Mansfield ISD. We decline to elevate form over substance. We hold that incorrectly denominating the statute as section 33.012(b)(1) instead of section 33.012(b), particularly when section 33.012(b)(1) is the former incarnation of section 33.012(b), does not negate the applicability of the

3

election of credit when the body of the notice clearly indicates what is being requested, that is, credit for the amount of previous settlements.[2]

As to Matthews's other argument regarding submission of "claimant's percentage of responsibility," there is no statutory requirement for this as a prerequisite to a settlement credit, and Matthews does not cite any authority for this proposition. *See* Tex. Civ. Prac. & Rem. Code § 33.012. We sustain Thailing's single issue.

---

[2] Former section 33.012(b)(1) has almost the exact wording as current section 33.012(b), stating,

> If the claimant has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a credit equal to one of the following, as elected in accordance with Section 33.014: (1) the sum of the dollar amounts of all settlements[.]

Act of May 18, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 974, *amended by* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 4.06, 2003 Tex. Gen. Laws 847, 857 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 33.012(b)).

Now-repealed section 33.014 provided that if a claimant settled with one or more persons, a defendant had to make a written election as to which dollar credit was to be applied under section 33.012(b) before the issues were submitted to the trier of fact. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 975, *repealed by* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 4.10(6), 2003 Tex. Gen. Laws 847, 859.

4

## IV.  Conclusion

We reverse the part of the judgment against Thailing awarding damages of $5,000, and we render judgment that Matthews is entitled to recover $3,000 in damages from Thailing.  We affirm the remainder of the trial court's judgment, excluding prejudgment and post-judgment interest.  We reverse and remand the case for recalculation of prejudgment and post-judgment interest and for entry of judgment in accordance with this opinion.

BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

DELIVERED: October 8, 2009